1 THOMAS E. FRANKOVICH (State Bar No. 074414)
  THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
  4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
  Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiffs
  LES JANKEY
6 and DISABILITY RIGHTS
  ENFORCEMENT, EDUCATION,
7 SERVICES: HELPING YOU
  HELP OTHERS

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12 LES JANKEY, an individual; and          )   CASE NO.
   DISABILITY RIGHTS, ENFORCEMENT,         )   Civil Rights
13 EDUCATION, SERVICES:HELPING YOU         )
   HELP OTHERS, a California public benefit )  COMPLAINT FOR INJUNCTIVE RELIEF
14 corporation,                            )   AND DAMAGES:
                                           )
15          Plaintiffs,                    )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
                                           )   by a Public Accommodation in Violation of the
16 v.                                      )   Americans with Disabilities Act of 1990 (42
                                           )   U.S.C. §12101, *et seq.*)
17 CIRCA 03, INC., a California corporation )
   dba BACCHUS KIRK; ROBERT J.             )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
18 LABARTHE and CAROLINE A.                )   and Equal Access in Violation of California
   LABARTHE, TRUSTEES OF THE               )   Civil Code §§54, 54.1 and 54.3
19 ROBERT J. LABARTHE and CAROLINE         )
   A. LABARTHE REVOCABLE TRUST             )   **3ʳᵈ CAUSE OF ACTION:** For Denial of
20 DATED OCTOBER 11, 1999,                 )   Accessible Sanitary Facilities in Violation of
                                           )   California Health & Safety Code §19955, *et seq.*
21                                         )
                                           )   **4ᵗʰ CAUSE OF ACTION:** For Denial of
22          Defendants.                    )   Access to Full and Equal Accommodations,
                                           )   Advantages, Facilities, Privileges and/or
23 _____            Services in Violation of California Civil Code
                                               §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                             **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    1

1        Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3   corporation (hereinafter sometimes referred to as "DREES"), complain of defendants CIRCA 03,

4   INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and

5   CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE

6   A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 and allege as follows:

7   **INTRODUCTION:**

8        1.     This is a civil rights action for discrimination against persons with physical

9   disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

10   for failure to remove architectural barriers structural in nature at defendants' BACCHUS KIRK,

11   a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of

12   other similarly situated persons with physical disabilities access to, the full and equal enjoyment

13   of, opportunity to participate in, and benefit from, the goods, facilities, services, and

14   accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

15   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

16   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17        2.     Plaintiff LES JANKEY is a person with physical disabilities who, on or about

18   August 18, 2008, August 19, 2008, October 6, 2008, November 11, 2008 and January 4, 2009,

19   was an invitee, guest, patron, customer at defendants' BACCHUS KIRK, in the City of San

20   Francisco, California.  At said time and place, defendants failed to provide proper legal access to

21   the bar, which is a "public accommodation" and/or a "public facility" including, but not limited

22   to men's restroom, women's restroom and bar.  The denial of access was in violation of both

23   federal and California legal requirements, and plaintiff LES JANKEY suffered violation of his

24   civil rights to full and equal access, and was embarrassed and humiliated.

25   ///

26   ///

27   ///

28   ///

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 925 Bush Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.      Plaintiff LES JANKEY  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff LES JANKEY is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES JANKEY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.      That members of DREES, like plaintiff LES JANKEY, will or have been guests and invitees at the subject BACCHUS KIRK, and that the interests of plaintiff DREES in removing architectural barriers at the subject bar  advance the purposes of DREES to assure that all public accommodations, including the subject bar, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.      Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as BACCHUS KIRK, located at/near 925 Bush Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.      At all times relevant to this complaint, defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, own and operate in joint venture the subject BACCHUS KIRK as a public accommodation.

///

///

This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.     At all times relevant to this complaint, defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 are jointly and severally responsible to identify and remove architectural barriers at the subject BACCHUS KIRK pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201          General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> 28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The BACCHUS KIRK, is a bar, located at/near 925 Bush Street, San Francisco, California.  The BACCHUS KIRK, its men's restroom, women's restroom, bar, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the BACCHUS KIRK and each of its facilities, its men's restroom, women's restroom and bar to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff LES JANKEY was a member of DREES.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the BACCHUS KIRK as being handicapped accessible and handicapped usable.

14. On or about August 18, 2008, August 19, 2008, October 6, 2008, November 11, 2008 and January 4, 2009, plaintiff LES JANKEY was an invitee and guest at the subject BACCHUS KIRK, either by himself or with a friend, for purposes of having a drink and otherwise socializing.

15. On or about August 18, 2008, August 19, 2008, October 6, 2008, November 11, 2008 and January 4, 2009, when plaintiff LES JANKEY needed to use a restroom, he found that BACCHUS KIRK did not have any accessible restrooms nor any that were usable.

16. At said times and place, plaintiff LES JANKEY often spoke to the male and female bartenders about the lack of an accessible restroom.

17. At all times stated herein, plaintiff LES JANKEY encountered a bar which did not have the requisite lowered area for use by a wheelchair user.

18. On or about November 22, 1999, defendants, trustees ROBERT J. LABARTHE and CAROLINE A. LABARTHE, on behalf of the ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, took ownership and possessory control of the subject premise with the knowledge that said premise was not accessible to persons with disabilities.

19. For approximately ten (10) years, defendants ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, took no remedial steps to remove architectural barriers at the subject premise.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    On or about or in November of 2003, defendants ROBERT J. LABARTHE and

2    CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and

3    CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, with the

4    knowledge that architectural barriers at the subject premise had not been removed, rented/leased

5    the subject premise to defendant CIRCA 03, INC., a California corporation dba BACCHUS

6    KIRK.

7    21.    At all times stated herein defendant CIRCA 03, INC., a California corporation dba

8    BACCHUS KIRK had knowledge of the existence of architectural barriers at BACCHUS KIRK

9    and failed to remove those barriers considered "easy to remove and without great difficulty or

10   expense."

11   22.    On or about August 18, 2008 and August 19, 2008, plaintiff LES JANKEY

12   patronized BACCHUS KIRK by himself.  Plaintiff LES JANKEY had ordered a beverage.  At

13   the time, plaintiff LES JANKEY needed to use a restroom, and he discovered it was not

14   accessible.

15   23.    At said times and place, when plaintiff LES JANKEY put down a credit card the

16   male bartender, Mike informed him that the tab needed to be $15.00 for a credit card purchase.

17   The bartender proceeded to buy plaintiff LES JANKEY a coke and conversation centered around

18   the Academy of Arts.

19   24.    On or about August 19, 2008, plaintiff LES JANKEY was served by a female

20   bartender, Mary.  She was informed about the restroom problem.

21   25.    On or about October 6, 2008, plaintiff LES JANKEY patronized the BACCHUS

22   KIRK with a friend.  The restrooms were a point of conversation.

23   26.    On or about November 11, 2008, Les and a friend entered the BACCHUS KIRK.

24   Initially, plaintiff LES JANKEY was confronted by the bartender about having filed a lawsuit

25   against the owner of BACCHUS KIRK.  A discussion ensued about the right of a disabled person

26   to use a restroom and the attitude of the owner of the bar.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     On or about, January 4, 2009, plaintiff LES JANKEY patronized the BACCHUS KIRK bar.  Nothing had changed and plaintiff LES JANKEY was unable to use the restroom. Plaintiff LES JANKEY used the smoking area and there was no discussion about the lack of an accessible restroom.

28.     Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject BACCHUS KIRK which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

> a.     lack of a handicapped-accessible women's public restroom;
>
> b.     lack of a handicapped-accessible men's public restroom;
>
> c.     lack of reduced door pressure throughout;
>
> d.     lack of signage for the disabled;
>
> e.     lack of a lowered section of the bar; and
>
> f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

29.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30.     On or about August 30, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered from the physical tribulations of not being able to relieve himself.

32.    As a legal result of defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

33.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff LES JANKEY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

34.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

36. Plaintiff LES JANKEY and the membership of DREES were denied their rights to equal access to a public facility by defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 , because defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999 maintained a bar without access for persons with physical disabilities to its facilities, including but not limited to the men's restroom, women's restroom, bar, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

37. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

38. Plaintiffs, as described hereinbelow, seek injunctive relief to require the BACCHUS KIRK to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the bar as a public facility.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.     Plaintiffs seek damages for violation of their civil rights on August 18, 2008, August 19, 2008, October 6, 2008, November 11, 2008 and January 4, 2009 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff LES JANKEY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

40.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

41.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the BACCHUS KIRK  accessible to persons with disabilities.

42.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   The acts and omission of defendants, and each of them, in failing to provide the required

2   accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

3   malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with

4   a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated

5   persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to

6   make a more profound example of defendants, and each of them, to other operators and landlords

7   of other bars, saloons and other public facilities, and to punish defendants and to carry out the

8   purposes of the Civil Code §§ 51, 51.5 and 54.

9        43.      Plaintiffs are informed and believe and therefore allege that defendants CIRCA 03,

10  INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE

11  A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A.

12  LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, and each of them, caused the

13  subject building(s) which constitute the BACCHUS KIRK to be constructed, altered and

14  maintained in such a manner that persons with physical disabilities were denied full and equal

15  access to, within and throughout said building(s) of the bar  and were denied full and equal use of

16  said public facilities.  Furthermore, on information and belief, defendants have continued to

17  maintain and operate said bar  and/or its building(s) in such conditions up to the present time,

18  despite actual and constructive notice to such defendants that the configuration of the BACCHUS

19  KIRK and/or its building(s) is in violation of the civil rights of persons with physical disabilities,

20  such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community

21  which DREES serves.  Such construction, modification, ownership, operation, maintenance and

22  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

23  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BACCHUS KIRK and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other bars, restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the BACCHUS KIRK accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the bar. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.     Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.      **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(42 U.S.C. §12101, *et seq*.)

46.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 45 of this complaint.

47.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///

51. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    52.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2    at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the

3    BACCHUS KIRK pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if

4    the removal of all the barriers complained of herein together was not "readily achievable," the

5    removal of each individual barrier complained of herein was "readily achievable."  On

6    information and belief, defendants' failure to remove said barriers was likewise due to

7    discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8    (b)(2)(A)(i)and (ii).

9    53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10   accomplishable and able to be carried out without much difficulty or expense."  The statute

11   defines relative "expense" in part in relation to the total financial resources of the entities

12   involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

13   plaintiffs complain of herein were and are "readily achievable" by the defendants under the

14   standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

15   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16   make the required services available through alternative methods which were readily achievable.

17   54.    On information and belief, construction work on, and modifications of, the subject

18   building(s) of BACCHUS KIRK bar occurred after the compliance date for the Americans with

19   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

20   the ADA.

21   55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

24   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

25   are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

26   returning to or making use of the public facilities complained of herein so long as the premises

27   and defendants' policies bar full and equal use by persons with physical disabilities.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on or about January 4, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

57.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

58.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

///
///
///
///
///

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

60.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

61.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

62.     Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiffs have been and continue to be denied full and equal access to defendants' BACCHUS

2   KIRK bar.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury

3   determination, in accordance with California Civil Code §54.3(a) for each day on which they

4   visited or have been deterred from visiting the bar because of their knowledge and belief that the

5   BACCHUS KIRK bar is inaccessible to persons with disabilities.  California Civil Code §54.3(a)

6   provides:

7              Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
8              in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
9              liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
10             to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
11             attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
12             Sections 54, 54.1 and 54.2.

13             Civil Code §54.3(a)

14       63.    On or about August 18, 2008, August 19, 2008, October 6, 2008, November 11,

15   2008 and January 4, 2009, plaintiff LES JANKEY suffered violations of Civil Code §§54 and

16   54.1 in that plaintiff LES JANKEY was denied access to men's restroom, women's restroom, bar

17   and other public facilities as stated herein at the BACCHUS KIRK bar and on the basis that

18   plaintiff LES JANKEY was a person with physical disabilities.

19       64.    As a result of the denial of equal access to defendants' facilities due to the acts and

20   omissions of defendants, and each of them, in owning, operating and maintaining these subject

21   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

22   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered adverse

23   physical symptoms and urinary reaction on or about August 18, 2008, August 19, 2008,

24   October 6, 2008 and November 11, 2008. Specifically, as a legal result of defendants negligence

25   in the design, construction and maintenance of the existing restrooms, plaintiff LES JANKEY

26   could not relieve himself.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    65.    Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental

2    anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

3    and worry, all of which are expectedly and naturally associated with a denial of access to a person

4    with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

5    omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

6    persons or an entity that represents persons with physical disabilities and unable, because of the

7    architectural barriers created and maintained by the defendants in violation of the subject laws, to

8    use the public facilities hereinabove described on a full and equal basis as other persons.

9    66.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

10    and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'

11    rights as persons or an entity that represents persons with physical disabilities on or about August

12    18, 2008, August 19, 2008, October 6, 2008, November 11, 2008 and January 4, 2009, and on a

13    continuing basis since then, including statutory damages, a trebling of all of actual damages,

14    general and special damages available pursuant to §54.3 of the Civil Code according to proof.

15    67.    As a result of defendants', and each of their, acts and omissions in this regard,

16    plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

17    plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

18    disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

19    the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

20    reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

21    plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

22    to compel the defendants to make their facilities accessible to all members of the public with

23    disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

24    the provisions of §1021.5 of the Code of Civil Procedure.

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
        **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3      (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4      corporation and Against Defendants CIRCA 03, INC., a California corporation dba
        BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE,
5      TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE
        REVOCABLE TRUST DATED OCTOBER 11, 1999**,** inclusive)
6      (Health & Safety Code §19955, *et seq.*)

7        68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8  allegations contained in paragraphs 1 through 67 of this complaint.

9        69.    Health & Safety Code §19955 provides in pertinent part:

10            The purpose of this part is to insure that public accommodations or
              facilities constructed in this state with private funds adhere to the
11            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
              of Title 1 of the Government Code.  For the purposes of this part
12            "public accommodation or facilities" means a building, structure,
              facility, complex, or improved area which is used by the general
13            public and shall include auditoriums, hospitals, theaters, restaurants,
              hotels, motels, stadiums, and convention centers.  When sanitary
14            facilities are made available for the public, clients or employees in
              such accommodations or facilities, they shall be made available for
15            the handicapped.

16        70.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17  provides in pertinent part, "accommodations constructed in this state shall conform to the

18  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

19  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

20  public accommodations constructed or altered after that date.  On information and belief, portions

21  of the BACCHUS KIRK and/or of the building(s) were constructed and/or altered after July 1,

22  1970, and substantial portions of the BACCHUS KIRK bar and/or the building(s) had alterations,

23  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

24  thereby requiring said bar and/or building to be subject to the requirements of Part 5.5, §19955, *et*

25  *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health

26  & Safety Code §19959.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of BACCHUS KIRK bar  and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

72.     Bars such as the BACCHUS KIRK are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

73.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

74.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2          75.      Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3   them, to make the subject place of public accommodation readily accessible to and usable by

4   persons with disabilities.

5          Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
           EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
7          AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
           SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
           EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9          corporation, and Against Defendants CIRCA 03, INC., a California corporation dba
           BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE,
10         TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE
           REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
11         (Civil Code §51, 51.5)

12         76.      Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13  allegations contained in paragraphs 1 through 75 of this complaint.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

77.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

78.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

79.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §46, *et seq*., as if repled herein.

80.     As a legal result of the violation of plaintiff LES JANKEY's  civil rights as hereinabove described, plaintiff LES JANKEY has suffered general damages, trauma associated with not relieving himself, as a legal result of defendants negligence in the design, construction and maintenance of the existing restrooms.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

81.     Further, plaintiff LES JANKEY suffered emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive, to make the BACCHUS KIRK, located at 925 Bush Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE  ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive, to make the BACCHUS KIRK, located at 925 Bush Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(Health & Safety code §19955, *et seq.*)

1. For injunctive relief, compelling defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive, to make the BACCHUS KIRK, located at 925 Bush Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants CIRCA 03, INC., a California corporation dba BACCHUS KIRK; ROBERT J. LABARTHE and CAROLINE A. LABARTHE, TRUSTEES OF THE ROBERT J. LABARTHE and CAROLINE A. LABARTHE REVOCABLE TRUST DATED OCTOBER 11, 1999, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    3.    General damages according to proof;

2    4.    Treble damages pursuant to Civil Code §52(a);

3    5.    For all costs of suit;

4    6.    Prejudgment interest pursuant to Civil Code §3291; and

5    7.    Such other and further relief as the court may deem just and proper.

6

7    Dated: _2/24/09_ , 2009          THOMAS E. FRANKOVICH,
8                                      *A PROFESSIONAL LAW CORPORATION*

9

10                          By: _____
11                                      THOMAS E. FRANKOVICH
                                        Attorneys for Plaintiffs LES JANKEY and DISABILITY
                                        RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
12                                      HELPING YOU HELP OTHERS, a California public
                                        benefit corporation
13

14

15

16
                            **DEMAND FOR JURY TRIAL**
17
            Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
18
     Dated: _2/24/09_ , 2009          THOMAS E. FRANKOVICH,
19                                      *A PROFESSIONAL LAW CORPORATION*

20

21                          By: _____
                                        THOMAS E. FRANKOVICH
22                                      Attorneys for Plaintiffs LES JANKEY and DISABILITY
                                        RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
23                                      HELPING YOU HELP OTHERS, a California public
                                        benefit corporation
24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

# EXHIBIT A

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

August 30, 2008

Manager
Bacchus Kirk
925 Bush Street
San Francisco, CA 94109

Dear Manager of Bacchus Kirk:

I was in San Francisco for a few days. I stayed at the Mayflower. I was at Bacchus Kirk a couple of nights. As I use a wheelchair, I couldn't use the men's restroom. The landlord and tenant should team up and make at least one restroom accessible. Maybe you could move a door or take some sheet rock divider down. You should be able to do something.

I met some of the people that worked the bar. They were very nice and helpful. I'll be coming back to San Francisco and I'll stop in again. I like the place.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

August 30, 2008

Owner of Building
Bacchus Kirk
925 Bush Street
San Francisco, CA 94109

Dear Owner of Building for Bacchus Kirk:

     I was in San Francisco for a few days. I stayed at the Mayflower. I was at Bacchus Kirk a couple of nights. As I use a wheelchair, I couldn't use the men's restroom. The landlord and tenant should team up and make at least one restroom accessible. Maybe you could move a door or take some sheet rock divider down. You should be able to do something.

     I met some of the people that worked the bar. They were very nice and helpful. I'll be coming back to San Francisco and I'll stop in again. I like the place.

     I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

     I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

     I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

     Thank you for considering my request.

Thank You,

Les Jankey